**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

ARCHIE R. HUTCHINSON, JR.,

       Petitioner,

v.                                                            Case No. 05-CV-74081-DT

BRUCE CURTIS,

       Respondent.
_____/

**OPINION AND ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS**

Archie R. Hutchinson, Jr. ("Petitioner") has filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. In 1992, Petitioner was convicted of two counts of larceny from a motor vehicle, Mich. Comp. L. § 750.356a, one count of breaking and entering a vehicle with the intent to steal property over five dollars, Mich. Comp. L. § 750.356a, and of being a second habitual offender, Mich. Comp. L. § 769.10, following a jury trial in the Luce County Circuit Court in 1992. Petitioner was sentenced to concurrent terms of 3 to 7 ½ years imprisonment on those convictions. While on parole from those offenses, Petitioner committed additional offenses and parole violations and was returned to prison to serve his sentences. At the time he instituted this action, Petitioner was confined at the Cooper Street Correctional Facility in Jackson, Michigan. He has since been discharged from custody.

In his pleadings, Petitioner challenges the propriety of the habitual offender notice for his 1992 convictions. For the reasons stated below, the court will deny the petition.

1

## I.  BACKGROUND

Petitioner was charged with two counts of larceny from a motor vehicle, one count of breaking and entering a vehicle with intent to steal property over five dollars, and one count of obstructing or resisting a police officer.  A preliminary examination on those charges was conducted in the Luce County District Court on August 21, 1992. The court found probable cause to support the charges and bound Petitioner over for trial.  (*See* 8/21/92 Hrg. Tr. at 6-8, 124-31.)

During an arraignment in the Luce County Circuit Court on September 1, 1992, Petitioner was informed of the charges and told the maximum sentences for each count. Petitioner was also informed that a supplemental information had been filed charging him as a second habitual offender based on a 1988 Schoolcraft County conviction for breaking and entering an occupied dwelling with intent to commit larceny and that the habitual offender charge could increase his sentences by one and one-half times the maximum possible sentence.  (*See* 9/1/92 Hrg. Tr. at 3-7.)  During a September 15, 1992 motion hearing, the prosecution again raised the supplemental information issue, and the parties discussed whether the 1988 conviction would be admissible at trial. (*See* 9/15/92 Hrg. Tr. at 6, 11.)

Petitioner's trial on the larceny and breaking and entering charges began on September 29, 1992.  (*See* Trial Tr. Vol. I.)  On October 1, 1992, the jury reached a verdict and convicted Petitioner of two counts of larceny from a motor vehicle, one count of breaking and entering a vehicle with the intent to steal property over five dollars.  At the end of those proceedings, the court asked how the defense would like to proceed on the supplemental information concerning the habitual offender charges.  Petitioner chose to have the jury decide the matter.  At the end of those proceedings, the jury

convicted Petitioner of being a second habitual offender. (*See* Trial Tr. Vol. III.) The trial court ultimately sentenced Petitioner to three concurrent terms of 3 to 7 ½ years imprisonment on his convictions.

Petitioner filed an appeal as of right with the Michigan Court of Appeals raising several claims of error, but the court affirmed his convictions and sentence. *People v. Hutchinson*, No. 166368, slip op. (Mich. Ct. App. Feb. 14, 1995). Petitioner did not seek leave to appeal this decision with the Michigan Supreme Court. (*See* Affidavit of Michigan Supreme Court Clerk.)

In June, 2004, Petitioner filed a motion to vacate his sentence enhancement and for re-sentencing with the Luce County Circuit Court challenging the timeliness of the habitual offender notice for his 1992 convictions. The trial court denied the motion, finding that Petitioner's sentence was valid. *See People v. Hutchinson*, Nos. 92-474-FH, 92-475-FH, 92-477-FH, slip op. (Luce Co. Cir. Ct. Nov. 29, 2004). The court also denied Petitioner's motion for reconsideration. *See People v. Hutchinson*, Nos. 92-474-FH, 92-475-FH, 92-477-FH, slip op. (Luce Co. Cir. Ct. Dec. 16, 2004). Petitioner filed an application for leave to appeal with the Michigan Court of Appeals, which was denied for lack of merit in the grounds presented. *See People v. Hutchinson*, No. 259920, slip op. (Mich. Ct. App. March 8, 2005). Petitioner also filed an application for leave to appeal with the Michigan Supreme Court, which was denied in a standard order. *People v. Hutchinson*, 703 N.W.2d 812 (Mich. 2005).

Petitioner thereafter filed his federal habeas petition raising the following claim as a basis for relief:

> The trial court violated the Sixth Amendment due process clause by allowing the prosecution to proceed against defendant with habitual

>    offender charges on the day of jury conviction on the underlying charges
>    with no prior notice to defendant.

(Petition at 5.)  Respondent has filed an answer to the petition asserting that it should be denied because the claim is unexhausted, not cognizable, and/or lacks merit.

## II.  STANDARD OF REVIEW

The provisions of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), codified at 28 U.S.C. § 2241 *et seq.*, govern this case because Petitioner filed his habeas petition after the AEDPA's effective date.  *See Lindh v. Murphy*, 521 U.S. 320, 336 (1997).  The AEDPA provides:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim--
>
> (1)     resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2)     resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. §2254(d) (1996).

"A state court's decision is 'contrary to' . . . clearly established law if it 'applies a rule that contradicts the governing law set forth in [Supreme Court cases]' or if it 'confronts a set of facts that are materially indistinguishable from a decision of [the Supreme] Court and nevertheless arrives at a result different from [this] precedent.'" *Mitchell v. Esparza*, 540 U.S. 12, 15-16 (2003) (per curiam) (quoting *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000)); *see also Bell v. Cone*, 535 U.S. 685, 694 (2002).  "[T]he 'unreasonable application' prong of § 2254(d)(1) permits a federal habeas court to

'grant the writ if the state court identifies the correct governing legal principle from [the Supreme] Court but unreasonably applies that principle to the facts' of petitioner's case." *Wiggins v. Smith*, 539 U.S. 510, 520 (2003) (quoting *Williams*, 529 U.S. at 413); *see also Bell*, 535 U.S. at 694.  However, "[i]n order for a federal court find a state court's application of [Supreme Court] precedent 'unreasonable,' the state court's decision must have been more than incorrect or erroneous.  The state court's application must have been 'objectively unreasonable.'"  *Wiggins*, 539 U.S. at 520-21 (citations omitted); *see also Williams*, 529 U.S. at 409.

Section 2254(d)(1) limits a federal habeas court's review to a determination of whether the state court's decision comports with clearly established federal law as determined by the Supreme Court at the time the state court renders its decision.  *See Williams*, 529 U.S. at 412; *see also Lockyer v. Andrade*, 538 U.S. 63, 71-72 (2003).  Section 2254(d) "does not require citation of [Supreme Court] cases–indeed, it does not even require *awareness* of [Supreme Court] cases, so long as neither the reasoning nor the result of the state-court decision contradicts them."  *Early v. Packer*, 537 U.S. 3, 8 (2002); *see also Mitchell*, 540 U.S. at 16.  While the requirements of "clearly established law" are to be determined solely by the holdings of the Supreme Court, the decisions of lower federal courts are useful in assessing the reasonableness of the state court's resolution of an issue.  *See Williams v. Bowersox*, 340 F.3d 667, 671 (8th Cir. 2003); *Dickens v. Jones*, 203 F. Supp. 354, 359 (E.D. Mich. 2002).

Lastly, a state court's factual determinations are entitled to a presumption of correctness on federal habeas review.  *See* 28 U.S.C. § 2254(e)(1).  A habeas

petitioner may rebut this presumption with clear and convincing evidence.  *See Warren v. Smith*, 161 F.3d 358, 360-61 (6th Cir. 1998).

### III.  DISCUSSION

Petitioner asserts that he is entitled to habeas relief because he was not given timely and adequate notice of the second habitual offender charge for his 1992 convictions in violation of his due process rights.  The state courts denied relief on this claim, but did not address this issue as a matter of federal law.  Accordingly, this court must conduct an independent review of the state court's decision.  *See Harris v. Stovall*, 212 F.3d 940, 943 (6th Cir. 2000).  This independent review requires the federal court to "review the record and applicable law to determine whether the state court decision is contrary to federal law, unreasonably applies clearly established law, or is based on an unreasonable determination of the facts in light of the evidence presented."  *Id.*  This independent review "is not a full, *de novo* review of the claims, but remains deferential because the court cannot grant relief unless the state court's result is not in keeping with the strictures of the AEDPA."  *Id.*

Petitioner's claim that he received untimely or inadequate notice of the habitual offender charge under Michigan law fails to state a claim which is cognizable upon federal habeas review.  *See Tolbert v. LeCureaux*, 811 F. Supp. 1237, 1240-41 (E.D. Mich. 1993).  It is well-settled that habeas relief may not be based upon a perceived violation of state law.  *See, e.g., Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991).

Moreover, due process does not require advance notice that a trial on a substantive criminal charge will be followed by a habitual offender enhancement; due process only requires that a defendant be given reasonable notice and an opportunity

to be heard.  *See Oyler v. Boles*, 368 U.S. 448, 452 (1962).  Petitioner does not dispute that he had a prior felony conviction which justified a second habitual offender conviction and sentencing enhancement.  Furthermore, the record reveals that Petitioner received sufficient notice of the second habitual offender charge given that a supplemental information was filed before trial.  Petitioner was also advised of the second habitual offender charges and the possible sentencing effects during his arraignment in the Luce County Circuit Court on September 1, 1992.  The supplemental information was again noted, and the prior conviction was discussed, during a motion hearing on September 15, 1992.  Petitioner's trial did not commence until September 29, 1992.  The record thus reveals that Petitioner and defense counsel had at least 28 days notice of the habitual offender charges.  This was sufficient to satisfy due process.  *See, e.g., United States v. Hudspeth*, 42 F.3d 1015, 1024 (7th Cir. 1994) (information filed 18 days after return of indictment and 23 days before plea agreement was signed gave adequate notice of prior convictions for enhanced sentence); *LaMere v. Risley*, 827 F.2d 622, 623 (9th Cir. 1987) (notice of intent to seek sentence enhancement given after conviction on underlying felony but three weeks before sentencing was sufficient).

      Petitioner also had an opportunity to be heard on the habitual offender charge. He was advised of his right to a jury trial on that charge, he elected to have a jury decide the matter, and he had a chance to contest the charge.  Petitioner has thus failed to establish that he was denied due process.  *Oyler*, 368 U.S. at 453-54; *see also Hall v. Chase*, 56 F. App'x 346 (9th Cir. 2003); *Washington v. Cowan*, 25 F. App'x 425, 426 (7th Cir. 2001). The court concludes that the state courts' denial of relief is neither

contrary to Supreme Court precedent nor an unreasonable application of federal law or the facts. Accordingly, habeas relief is not warranted.

## IV. CONCLUSION

For the reasons stated above, IT IS ORDERED that Petitioner Archie R. Hutchinson's "Petition for Writ of Habeas Corpus" [Dkt. #1] is DENIED.


s/Robert H. Cleland
ROBERT H. CLELAND
UNITED STATES DISTRICT JUDGE

Dated: March 26, 2007

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, March 26, 2007, by electronic and/or ordinary mail.

s/Lisa Wagner
Case Manager and Deputy Clerk
(313) 234-5522